UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 0:20-mc-60098-AHS

MATTHEW ORSO AS SUCCESSOR
TRUSTEE TO KENNETH D. BELL IN
HIS CAPACITY AS COURT-APPOINTED
RECEIVER FOR REX VENTURE GROUP, LLC,

    Plaintiff,

v.

ALVARO MARIN,

    Defendant,

v.

JPMORGAN CHASE BANK, N.A.

    Garnishee.

_____/

## MOTION FOR FINAL JUDGMENT IN GARNISHMENT

Plaintiff, **NATIONWIDE JUDGMENT RECOVERY, INC.,** ("Plaintiff") moves for entry of Final Judgment of Garnishment against Garnishee, JPMORGAN CHASE BANK, NA ("Chase") and as grounds therefor states as follows:

1. On August 14, 2017 a Final Judgment ("the judgment") was entered against Defendant ALVARO MARIN ("Defendant") in the Western District of North Carolina, Charlotte Division, in the amount of $14,391.15. [Docket No. 1].

2. On January 15, 2021, Plaintiff registered the judgment in the Southern District of Florida, Ft. Lauderdale Division. [Docket No. 1].

3. On January 28, 2022 Plaintiff filed a Motion for Writ of Garnishment ("the Motion") against Chase as to any tangible assets of Defendant in the possession of Chase [Docket No. 11].

4.       On January 31, 2022 a Writ of Garnishment ("the Writ") was issued by the Clerk of the Court [Docket No. 12] and subsequently served upon Chase.

5.       On February 8, 2022 Plaintiff mailed a Notice to Defendant [Docket No. 14] which attached the Motion for Writ of Garnishment against Bank of America, the Writ entered against Bank of America, a Notice to Defendant of Rights Against Garnishment ("the Notice") and a Florida Claim of Exemption form as required by Florida Statute § 77.041. Defendant was advised in the Notice that "you must file the form with the Clerk's office within twenty days after the date you receive this notice or you may lose important rights," and "you should file the form for claim of exemption immediately to keep your wages, money or property from being applied to the court judgment."

6.       On February 10, 2022 Chase served an Answer ("the Answer") [Docket No. 16] to the Writ. The Answer identified a bank account on which Chase was indebted to Defendant at the time of service of the Writ. In response to the Writ, Chase restrained a total of **$4,484.97** contained in that account.

7.       On February 16, 2022 Plaintiff mailed Notice to Defendant [Docket No. 18], which attached Bank of America's Answer to the Writ, as required by Florida Statute § 77.055, and stated that "Plaintiff further notifies Defendant that it must move the dissolve the Writ of Garnishment within 20 days after the date indicated on the Certificate of Service…if any allegation…is incorrect."

9.       The Defendant did not file a response to the Writ against Chase, nor make any Claim of Exemption as to the account or funds identified and restrained by Chase.

10.      District Courts in Florida have been clear that where a judgment debtor defendant has been served with the statutorily required notices but has failed to appear or otherwise

respond to the Writ, Plaintiff has met the statutory requirements for a judgment of garnishment. Zhejiang Dongri Import & Export Co., LTD., v. Neoptx, LLC, 2021 WL 2480879 (S.D. Fla. 2021); DiFrancesco v. Home Furniture Liquidators, Inc., 2009 WL 36550 (S.D. Fla. 2009).

11. Plaintiff has met all pre-requisites for a final judgment of garnishment and has paid directly to garnishee the statutory fee to which they are entitled under Florida Statute § 77.28.

12. Pursuant to *Florida Statute* § 77.01, *et seq*. and Florida Rule of Civil Procedure 1.500(e), the Plaintiff is entitled to entry of a Final Judgment of Garnishment against Garnishee, JPMorgan Chase Bank, NA in the amount of **$4,484.97** which represents the amount currently restrained by Chase pursuant to the Writ, and regarding which Defendant did not respond.

13. Pursuant to Local Rule 7.1, a proposed Order is attached hereto as an exhibit and is being emailed to Chambers in Word format.

**WHEREFORE**, Plaintiff, **NATIONWIDE JUDGMENT RECOVERY, INC.,** requests that this Court grant this motion and enter a Final Judgment of Garnishment against Garnishee, JPMORGAN CHASE BANK, NA in favor of Plaintiff, NATIONWIDE JUDGMENT RECOVERY, INC., in the amount of **$4,484.97**, and such other relief as this Court deems just, fair and equitable.

Dated: August 4, 2022                  Respectfully submitted,

*/s/ Alison Emery*
_____
Alison N. Emery, Esquire
Counsel for Nationwide Judgment Recovery, Inc.
Florida Bar No. 0621641
Emery Law, PLLC
5011 Gate Parkway
Building 100, Suite 100

                                                        Jacksonville, FL 32256
                                                        Telephone 904-404-3394
                                                        E-mail: alison@emerylawjax.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of August, 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which included notice to: Andrew R. Herron, Esquire, attorney for JPMorgan Chase Bank, NA, at aherron@homerbonner.com, and sent same by First Class United States Mail to: Alvaro Marin, 2320 North 19th Avenue, Apt. 1, Hollywood, FL 33020.

                                                        Alison N. Emery, Esquire