UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MC-60098-SINGHAL/VALLE

MATTHEW ORSO, as successor trustee to
Kenneth D. Bell as court-ordered receiver
for Rex Venture Group, LLC,
d/b/a ZeekRewards.com,

    Plaintiff,

v.

ALVARO MARIN,

    Defendant/Judgment Debtor,

v.

JP MORGAN CHAE BANK, N.A.,

    Garnishee.

_____

## **REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court upon Plaintiff Nationwide Judgment Recovery, Inc.'s (as assignee of Plaintiff Matthew Orso) Motion for Final Judgment in Garnishment as to Garnishee JP Morgan Chase Bank, N.A. (ECF No. 19) (the "Motion"). United States District Judge Raag Singhal has referred the case to the undersigned for disposition of all non-dispositive motions and a report and recommendation on dispositive motions. (ECF No. 20). Having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED** for the reasons discussed below.

### I. BACKGROUND

On August 14, 2017, the United States District Court for the Western District of North Carolina entered a Final Judgment in favor of Plaintiff against each individual member of a Defendant class, including Alvaro Marin ("Defendant/Judgment Debtor"). *See generally* (ECF No. 1). On

January 15, 2021, the judgment was registered with this Court. *Id.* at 1. Thereafter, Plaintiff moved for a writ of garnishment against JP Morgan Chase Bank, N.A. ("Chase"), believing that it possessed and controlled monies or property belonging to Defendant/Judgment Debtor sufficient to satisfy the judgment in whole or in part. *See generally* (ECF No. 11).

On January 31, 2022, the Clerk of Court issued the writ of garnishment on Chase (ECF No. 12). Thereafter, Garnishee filed its Answer to the writ, disclosing that at the time of service of the writ of garnishment, Chase was indebted to Defendant/Judgment Debtor in the amount of $4,484.97. (ECF No. 16 at 2). On February 16, 2022, pursuant to Fla. Stat. § 77.055, Plaintiff gave notice to Defendant/Judgment Debtor of the Answer. *See generally* (ECF No. 18). The notice advised Defendant/Judgment Debtor that it must move to dissolve the writ of garnishment within 20 days after the date of service. *Id.* at 2. To date, however, Defendant/Judgment Debtor has not responded to the writ of garnishment or Answer.

## II.   DISCUSSION

Collection of money judgments in federal court is governed by state law. *See* Fed. R. Civ. P. 69; *see also Orso as Tr. to Bell v. Josetti*, No. 21-MC-60202, 2022 WL 2916856, at *1 (S.D. Fla. July 11, 2022), *report and recommendation adopted*, No. 21-MC-60202, 2022 WL 2915865 (S.D. Fla. July 25, 2022); *Orso as Tr. to Bell v. Rovenger*, No. 21-MC-8-JSM-PRL, 2021 WL 5310971, at *1 (M.D. Fla. Oct. 28, 2021). Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. *Rovenger*, 2021 WL 5310931, at *1. Florida law requires garnishment statutes to be strictly construed. *Allen v. Robert F. DeLuca, M.D., P.A.*, 18-CV-81265, 2020 WL 1832323, at *2 (S.D. Fla. Mar. 25, 2020), *report and recommendation adopted*, 18-CV-81265, 2020 WL 1828510 (S.D. Fla. Apr. 13, 2020) (citation omitted).

Chase's Answer to the writ lists the amount it held from Defendant/Judgment Debtor after the writ of garnishment was served and before its Answer. *See generally* (ECF No. 16). Because

Defendant/Judgment Debtor has not moved to dissolve the writ of garnishment, Plaintiff requests entry of a final judgment of garnishment against Chase in the amount of $4,484.97. (ECF No. 19 at 2). Defendant/Judgment Debtor has not responded, objected, or moved to dissolve the writ within the 20 days allowed by § 77.055.[1] Thus, Plaintiff has met the statutory requirements for a judgment of garnishment.

### III.   RECOMMENDATION

Accordingly, for the reasons set forth above, the undersigned **RECOMMENDS** that the Motion for Final Judgment in Garnishment as to Chase (ECF No. 19) be **GRANTED**.

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on December 20, 2022.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STAGES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All Counsel of Record

---

[1] Fla. Stat. § 77.055 provides, in relevant part, that within five days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue.